# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
### TALLAHASSEE DIVISION

**JEFFERY LORENZO HAYNES, JR.,**
**DOC # K72806,**

      **Plaintiff,**

**vs.**　　　　　　　　　　　　　　　**Case No. 4:23cv127-AW-MAF**

**SERGEANT C. BURNHAM, et al.,**

      **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding pro se, initiated this case by filing a civil rights complaint filed under 42 U.S.C. § 1983, ECF No. 1, and a motion requesting leave to proceed in forma pauperis, ECF No. 2, on March 31, 2023.  Plaintiff's initial in forma pauperis motion and complaint were reviewed as required by 28 U.S.C. § 1915A and deemed insufficient as filed.  ECF No. 4.  Plaintiff was required to file an amended complaint and an amended in forma pauperis motion.  *Id.*  He was further advised that venue for this case appeared to be appropriate in the Middle District of Florida, but not in the Northern District.  *Id.*  Plaintiff has now filed an

amended complaint, ECF No. 5, an amended in forma pauperis motion, ECF No. 6, and a motion to transfer venue to the Middle District of Florida. ECF No. 7.

Plaintiff's amended complaint reveals Plaintiff is housed at Charlotte Correctional Institution which is in Punta Gorda, Florida.  ECF No. 5 at 2. All named Defendants are located at the Hamilton Correctional Institution which is in Jasper, Florida.  ECF No. 1 at 2-3.  The city of Jasper is located within Hamilton County, Florida, and the events at issue in this case took place at Hamilton C.I.  *Id.* at 5-9.  Hamilton County is not within the territorial jurisdiction of this Court; rather, it is located within the Middle District of Florida.

The venue statute provides that a civil action may be brought in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located" or in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ."  28 U.S.C. § 1391(b)(1),(2).  This case was initiated in the wrong district.  Venue is appropriate in the Middle District of Florida because the Defendants reside there and Plaintiff's claims took place there.  The proper forum for this action pursuant to 28 U.S.C. § 1391(b)

Case No. 4:23cv127-AW-MAF

and 28 U.S.C. § 89(b) is in the United States District Court for the Middle District of Florida, Jacksonville Division.

When a case is filed in the wrong division or district, the venue statute provides that the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  Justice is better served by transferring this case to the appropriate forum rather than dismissing it. Plaintiff's motion to transfer venue, ECF No. 7, should be granted and the Middle District of Florida should rule on Plaintiff's in forma pauperis motion and review his amended complaint.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that Plaintiff's motion to transfer venue, ECF No. 7, be **GRANTED,** and this case transferred to the United States District Court for the Middle District of Florida, Jacksonville Division, for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on May 8, 2023.


 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

Case No. 4:23cv127-AW-MAF

### <u>NOTICE TO THE PARTIES</u>

      **Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 4:23cv127-AW-MAF