UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JEFFERY LORENZO HAYNES, JR.,

    Plaintiff,

v.

                                                   Case No. 3:23-cv-698-MMH-MCR

SGT. C. BURNHAM, et al.,

    Defendants.
_____

**ORDER**

**I. Status**

Plaintiff Jeffery Lorenzo Haynes, Jr., an inmate of the Florida penal system, initiated this action in the Northern District of Florida by filing a pro se Civil Rights Complaint under 42 U.S.C. § 1983 (Complaint; Doc. 1). On April 5, 2023, the Honorable Martin A. Fitzpatrick, United States Magistrate Judge, directed Haynes to file an amended complaint. See Doc. 4. Haynes filed the operative Amended Complaint (Amended Complaint; Doc. 5); and on June 12, 2023, the Honorable Allen Winsor, United States District Judge, upon Haynes's request, transferred the case to this Court (Doc. 9). Haynes is proceeding in forma pauperis and names three Defendants in the Amended Complaint: Sergeant C. Burnham; Officer T. Lister; and Officer E. Miller. See

Amended Complaint at 2-3. He raises claims of excessive force and a violation of the Americans with Disabilities Act (ADA). See generally id.

This matter is before the Court on Defendants' motion to dismiss (Motion; Doc. 23). Haynes filed a response to the Motion (Response; Doc. 26). The Motion is ripe for review.

## II. Haynes's Allegations[1]

In his Amended Complaint, Haynes alleges that on May 16, 2019, while housed at Hamilton Correctional Institution (Hamilton C.I.), Defendants Burnham, Lister, and Miller came into his cell and threatened Haynes that he must "drop the case against Martin C[orrectional] I[nstitution] or they will have him killed." Amended Complaint at 5. Haynes states that he asked Defendants to leave his cell, but Defendant Burnham sprayed a chemical agent at Haynes's face "without provocation." Id. Haynes also states Defendant Miller "punch[ed] him to the ground," triggering Haynes's attempt to "run out of the cell." Id. However, he was "slammed inside his cell" and "blood [was] gushing from his head." Id. Haynes states Defendants handcuffed him, and

---

[1] In considering Defendants' Motion, the Court must accept all factual allegations in the Amended Complaint as true, consider the allegations in the light most favorable to Haynes, and accept all reasonable inferences that can be drawn from such allegations. Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003); Jackson v. Okaloosa Cnty., 21 F.3d 1531, 1534 (11th Cir. 1994). As such, the facts recited here are drawn from the Amended Complaint and may well differ from those that ultimately can be proved.

2

while he was handcuffed, Defendants "kick[ed], punch[ed], and struck [him] with weapons." Id. at 6.

While Haynes asserts he did not "resist or threaten" Defendants during this event, see id., he received a disciplinary report for battery or attempted battery on correctional staff for the May 16, 2019 incident and was found guilty, see id. at 7, 8. Haynes also alleges that during the disciplinary hearing, he asked the disciplinary team to locate and call inmates who witnessed the incident, but officials failed to call any witnesses. Id. at 8.

As a result of Defendants' use of force, Haynes contends he was bleeding from his eye, head, and face, and had "numerous bruises and abrasions to the face and head." Id. Haynes states that after the use of force, medical examined him and applied sutures to the right side of his face and "treatment to his head"; but medical staff "denied hospital treatment" and no doctor was present to properly evaluate him for a head injury. Id. at 6, 8, 9. According to Haynes, he suffers from mental health issues, including bipolar disorder, depression, schizophrenia, and antisocial personality disorder. Id. at 7. Haynes further states that his medical records would support his injuries. Id. at 7. He alleges Defendants' actions violated his rights under the Eighth Amendment and the ADA; and as relief, he requests compensatory and punitive damages. Id.

3

### III. Motion to Dismiss Standard

In ruling on a motion to dismiss, the Court must accept the factual allegations set forth in the complaint as true. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002); see also Lotierzo v. Woman's World Med. Ctr., Inc., 278 F.3d 1180, 1182 (11th Cir. 2002). In addition, all reasonable inferences should be drawn in favor of the plaintiff. See Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Nonetheless, the plaintiff must still meet some minimal pleading requirements. Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1262-63 (11th Cir. 2004). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555 (internal

4

quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (quotations, citation, and original alteration omitted). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]" which simply "are not entitled to [an] assumption of truth." Iqbal, 556 U.S. at 678, 680. Thus, in ruling on a motion to dismiss, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face[.]'" Id. at 678 (quoting Twombly, 550 U.S. at 570). And, while "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), "'this leniency does not give a court license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action.'" Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168–69 (11th Cir. 2014) (quoting GJR Invs., Inc. v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998), overruled in part on other grounds as recognized in Randall, 610 F.3d at 709).

## IV. Discussion

Defendants argue Haynes's Amended Complaint should be dismissed because: (1) Haynes's claims are barred under Heck v. Humphrey, 512 U.S.

5

...
...

477 (1994), and Edwards v. Balisok, 520 U.S. 641 (1997); (2) Haynes is not entitled to compensatory damages under 42 U.S.C. § 1997e(e); (3) Haynes's request for punitive damages is barred under 18 U.S.C. § 3626(a)(1)(A); and (4) Haynes fails to state a claim for relief under the ADA. See generally Motion. In his Response, Haynes counters that his claim is not barred under Heck, that Defendants' actions and his resulting injuries are sufficient to warrant both compensatory and punitive damages, and that his ADA claim should not be dismissed because he suffers from mental health illnesses.[2] The Court addresses each of the arguments in turn.

### 1. Heck

Defendants contend Haynes's claims should be dismissed because they are barred under Heck and Edwards. Motion at 4-5. In doing so, they argue that if Haynes is successful in this action, that decision would necessarily undermine the disciplinary conviction stemming from the May 16, 2019 incident. Id. According to Defendants, this is necessarily so because Haynes's assertions are "wholly inconsistent with the facts upon which the disciplinary conviction is based, and a judgment in favor of [Haynes] finding that he fully

---

[2] In his Response, Haynes states that Defendants are not entitled to immunity, but as Defendants have not requested dismissal on the basis of immunity, the Court will not address those assertions in this order.

co-operated with the defendant's order and was not threatening in any way would necessarily imply the invalidity of the conviction." Id. at 7.

"In order to prevail on a civil rights action under § 1983, a plaintiff must show that he or she was deprived of a federal right by a person acting under the color of state law." See Griffin v. City of Opa-Locka, 261 F.3d 1295, 1303 (11th Cir. 2001). In Heck, the United States Supreme Court "held that 'when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.'" Dyer v. Lee, 488 F.3d 876, 878-79 (11th Cir. 2007) (quoting Heck, 512 U.S. at 487). The Eleventh Circuit has explained:

> [W]e held in Dyer that "for Heck to apply, it must be the case that a successful § 1983 suit and the underlying conviction be logically contradictory." Id. at 884. "In other words, as long as it is possible that a § 1983 suit would not negate the underlying conviction, then the suit is not Heck-barred." Id. at 879-80 (emphasis added). In this Circuit, we ask whether "it is possible that the facts could allow a successful § 1983 suit and the underlying conviction both to stand without contradicting each other." Id. at 881 (emphasis added). Heck does not stand in the way of a § 1983 suit if, following the suit's success, "there would still exist a construction of the facts that would allow the underlying conviction to stand." Id. at 880. We reaffirmed this understanding in Dixon v. Hodges, 887 F.3d 1235, 1238 (11th Cir. 2018) (per curiam) ("As long as it is possible that a § 1983 suit would not negate the

7

> underlying punishment, then the suit is not <u>Heck</u>-barred." (alterations adopted and emphasis added) (quotation omitted)). Most recently, in <u>Sconiers v. Lockhart</u>, we explained that "when the facts required for a prisoner to prove his § 1983 case do not necessarily logically contradict the essential facts underlying the prisoner's conviction, <u>Heck</u> does not bar the § 1983 action from proceeding." 946 F.3d at 1268.

<u>Harrigan v. Metro Dade Police Dep't Station #4</u>, 977 F.3d 1185, 1192–93 (11th Cir. 2020). Indeed, "[w]hen a plaintiff alleges a fact that, if true, would conflict with the earlier punishment, but that fact is not necessary to the success of his § 1983 suit, the <u>Heck</u> bar does not apply." <u>Dixon</u>, 887 F.3d at 1239. In <u>Edwards v. Balisok</u>, 520 U.S. at 645–48, the Supreme Court extended <u>Heck</u>'s holding to a prisoner's challenge to disciplinary proceedings which result in the loss of gain time.[3]

Here, the crux of Haynes's claim is that Defendants used excessive force against him. He subsequently received a disciplinary conviction for battery or attempted battery on a correctional officer related to the events underlying the use of force. While Haynes alleges that Defendants' actions were unprovoked and he did not "resist or threaten" Defendants during the altercation, those allegations are not necessary to the success of his Eighth Amendment excessive force claim. Indeed, it is possible that Haynes may have provoked Defendants

---

[3] Defendants submit documentation regarding the disciplinary report and loss of gain time as attachments to the Motion. <u>See</u> Docs. 23-1, 23-2.

or resisted, but that Defendants still used excessive force. See Dixon, 887 F.3d at 1240 (finding an excessive force claim was not barred under Heck despite the plaintiff's denial of the facts underlying the disciplinary conviction because it was "logically possible both that [the prisoner] lunged at [the officer] and that [the officer] used excessive force against him."). Here, because there is "a construction of the facts that would allow the underlying conviction to stand," the claim is not barred under Heck. See Dyer, 488 F.3d at 880.

In support of their argument, Defendants rely on LaFlower v. Kinard, No. 2:10-cv-82-FtM-29SPC, 2011 WL 2183555, at *3 (M.D. Fla. June 6, 2011), in which the court found an excessive force claim was barred under Heck where the plaintiff's allegations of an unprovoked attack were wholly inconsistent with the facts of the underlying disciplinary convictions. But LaFlower is not binding precedent, and since the entry of that order, the Eleventh Circuit Court of Appeals has rejected the premise that a plaintiff's admission of the facts underlying a disciplinary conviction is necessary to succeed in an excessive force suit. Hall v. Merola, 67 F.4th 1282, 1292 n.4 (11th Cir. 2023). Indeed, the Eleventh Circuit has explained that Heck does not bar a suit if the plaintiff can admit to the acts underlying the disciplinary conviction and still succeed on his claim. Hall, 67 F.4th at 1292 n.2 (citing Dixon, 887 F.3d at 1238 ("A prisoner may be punished for battery on a prison guard, and that prison guard may be held liable for using excessive force on the prisoner in subduing him;

9

both may be true.")). Here, even if Haynes admitted the truth of the disciplinary report, his allegations suggest it is possible a jury could find Defendants used excessive force in subduing him. Thus, Haynes's Eighth Amendment excessive force claim is not barred under Heck, and the Motion is due to be denied on this basis.

*2. Compensatory Damages*

Defendants also argue that Haynes is not entitled to compensatory damages under 42 U.S.C. § 1997e(e) because he has not alleged that Defendants' actions resulted in him suffering more than de minimis physical injuries. Motion at 9-13.

Under 42 U.S.C. § 1997e(e), "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." To satisfy § 1997e(e), a prisoner must assert a physical injury that is more than de minimis. Brooks v. Warden, 800 F.3d 1295, 1307 (11th Cir. 2015). But the physical injury need not be

significant. See Thompson v. Sec'y, Fla. Dep't of Corr., 551 F. App'x 555, 557 (11th Cir. 2014).[4]

Taking Haynes's allegations as true, as the Court must, he sufficiently asserts he suffered physical injuries that are greater than de minimus. See id. at 557, n.3 (describing an approach of asking whether the injury would require a free world person to visit an emergency room or doctor) (citing Luong v. Hatt, 979 F. Supp. 481, 486 (N.D. Tex. 1997) ("A physical injury is an observable or diagnosable medical condition requiring treatment by a medical care professional.")). Haynes asserts that following the use of force, blood was "gushing" from his head, he had multiple bruises and abrasions on his head and face, and he received stitches to his face and "treatment" to his head. Based on these allegations, the Court finds Haynes asserts a physical injury that is greater than de minimis. See McReynolds v. Ala. Dep't of Youth Servs., 204 F. App'x 819, 822 (11th Cir. 2006) (finding laceration to head that required hospital visit and eleven stitches was not de minimus). As such, the Motion is due to be denied to the extent that Defendants assert Haynes's request for compensatory damages is precluded under § 1997e(e).

---

[4] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

11

### *3. Punitive Damages*

Defendants further argue that Haynes's request for punitive damages must be dismissed because it is statutorily barred. Motion at 14-21. According to Defendants, 18 U.S.C. § 3626(a)(1)(A) precludes punitive damages in all civil rights cases because such damages are "prospective relief." Id. at 14. In support of their contention, Defendants assert that punitive damages "are never necessary to correct a violation of a federal right." Id. at 14. They also contend that even if an award of punitive damages is necessary to correct such a legal violation, that award could not satisfy the PLRA's "stringent limitations" as the relief is neither "narrowly drawn" nor "the least intrusive means necessary to correct the violation of the Federal right." Id. at 15.

Section 3626(a)(1)(A) provides:

> (1) Prospective relief. – (A) Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

18 U.S.C. § 3626(a)(1)(A). Defendants are correct that punitive damages are considered "prospective relief" under § 3626. See Johnson v. Breeden, 280 F.3d

1308, 1325 (11th Cir. 2002) (holding "punitive damages are prospective relief"), abrogated on other grounds by Kingsley v. Hendrickson, 576 U.S. 389, 395 (2015)). But their argument that punitive damages, as "prospective relief" under § 3626, are precluded in prisoner civil rights actions is wholly misplaced. Indeed, they cite Johnson as their primary support for this notion; but in Johnson, the court did not hold that punitive damages were unavailable under § 3626 for § 1983 cases. Instead, in Johnson, the Eleventh Circuit clarified, in the context of a § 1983 civil rights case, that § 3626(a)(1)(A) merely provides the framework for awarding punitive damages. Id. at 1325. The court explained "a punitive damages award must be no larger than reasonably necessary to deter the kind of violations of the federal right that occurred in the case . . . [and] that such awards should be imposed against no more defendants than necessary to serve that deterrent function and that they are the least intrusive way of doing so." Id.

While the Court is unaware of an Eleventh Circuit case in which that court has addressed Defendants' specific argument here, the Court cannot disregard the Eleventh Circuit's long-standing recognition that punitive damages are available in prisoner civil rights actions. Indeed, the Eleventh Circuit has held that 42 U.S.C. § 1997e(e) permits claims for punitive damages for § 1983 claims without a physical injury requirement. Hoever v. Marks, 993

13

F.3d 1353, 1364 (11th Cir. 2021).⁵ And it has held "[p]unitive damages are appropriate in § 1983 cases 'where a defendant's conduct is motivated by evil intent or involves callous or reckless indifference to federally protected rights.'" Barnett v. MacArthur, 715 F. App'x 894, 905 (11th Cir. 2017). Also, the Eleventh Circuit Civil Pattern Jury Instructions on § 1983 damages include an instruction on awarding punitive damages. See Eleventh Circuit Pattern Jury Instruction, Civil Cases, Civil Rights – 42 U.S.C. § 1983 Claims – Damages § 5.13.

The Court also finds persuasive other district court decisions explicitly finding that § 3626(a)(1)(A) does not preclude an award of punitive damages in prisoner civil rights cases. See, e.g., Brown v. Semple, No. 3:16cv376, 2018 WL 4308564, at *14 (D. Conn. Sept. 10, 2018) (collecting cases); Douglas v. Byunghak Jin, No. 11-0350, 2014 WL 1117934, at *4-5 (W.D. Penn. Mar. 20, 2014) (reasoning that if Congress "intended to abolish punitive damages in all prisoner litigation under the PLRA, it would have done so directly, and in much plainer terms").⁶ Thus, the Court declines to find that § 3626 precludes a

---

⁵ In Hoever, the Eleventh Circuit declined to address the availability of punitive damages in prison condition cases under 18 U.S.C. § 3626. Hoever, 993 F.3d at 1364 n.5.

⁶ The Court notes that although decisions of other district courts are not binding, they may be cited as persuasive authority. See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects.").

14

request for punitive damages in this § 1983 action, and the Motion is due to be denied on this issue.

### *4. ADA claim*

Defendants assert Haynes fails to state a claim under the ADA. Motion at 21-22. According to Defendants, Haynes's Amended Complaint "contains nothing more than conclusory allegations and unsupported legal conclusions regarding violations of the [ADA]." In his Response, Haynes fails to coherently address Defendants' argument. Rather, Haynes merely repeats his diagnoses and cites irrelevant, non-binding case law.

Title II of the ADA provides: "[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132; see also Pa. Dep't of Corr. v. Yeskey, 524 U.S. 206, 213 (1998) (holding Title II of the ADA "unambiguously extends to state prison inmates"). "Only public entities are liable for violations of Title II of the ADA." Edison v. Douberly, 604 F.3d 1307, 1308 (11th Cir. 2010).

To state a claim under the ADA, a plaintiff must show:

> (1) that he is a qualified individual with a disability; (2) that he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) that

15

> the exclusion, denial of benefit, or discrimination was by reason of the plaintiff's disability.

Bircoll v. Miami-Dade Cnty., 480 F.3d 1072, 1083 (11th Cir. 2007) (citing Shotz v. Cates, 256 F.3d 1077, 1079 (11th Cir. 2001)).

Here, Haynes only sues Defendants in their individual capacities. Amended Complaint at 2-3. Thus, because only public entities may be liable under the ADA, Haynes fails to state an ADA claim against these individuals. See Owens v. Sec'y, Fla. Dep't of Corr., 602 F. App'x 475, 478 (11th Cir. 2015) ("Since only public entities may be liable under the ADA, [the plaintiff] fails to state ADA claims against [prison officials] in their individual capacities."). Nevertheless, even if Haynes sued Defendants in their official capacities, he has failed to state a claim under the ADA. Haynes alleges that he has "Bipolar Depression[,] Schizophrenia,[] and Antisocial Personality Disorders" and that "Defendants violat[ed] [the] Americans with Disabilities Act." Amended Complaint at 7. But these conclusory statements are insufficient to state a claim under the ADA. Indeed, even assuming those diagnoses amount to a qualifying disability under the ADA, Haynes has failed to allege that he was "excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity" or that "the exclusion, denial of benefit, or discrimination was by reason of [his] disability." See Bircoll, 480 F.3d at 1083. Thus, Haynes has

16

failed to allege a plausible claim for relief under Title II of the ADA, and the Motion is due to be granted as to this argument.

Accordingly, it is

**ORDERED:**

1. Defendants Miller, Burnham, and Lister's Motion to Dismiss Plaintiff's Complaint (Doc. 23) is **GRANTED in part and DENIED in part**. The Motion is **GRANTED** to the extent that Haynes's ADA claim is **DISMISSED with prejudice**. The Motion is otherwise **DENIED**.

2. Defendants Burnham, Lister, and Miller shall file an answer to the Amended Complaint (Doc. 5) by **January 6, 2025**.

3. The Court will issue a separate order setting case management deadlines.

**DONE AND ORDERED** at Jacksonville, Florida, this 6th day of December, 2024.

MARCIA MORALES HOWARD
United States District Judge

JaxP-12
C: Jeffery Lorenzo Haynes, Jr., K72806
    Counsel of record