# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

JEFFERY LORENZO HAYNES, JR., CASE No. 3:23-CV-698-MMH-MCR

Plaintiff,

V.

SGT. C. BURNHAM, et al.

Defendants.

Legal Mail
Provided to Florida State Prison on
8|13|25 for mailing by S_____

## DECLARATION IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT.

1. I am the Plaintiff in the above-entitled case. I make this declaration in opposition To defendants' Motion for Summary Judgment on MY claims concerning the use of force against me by defendants BURNHAM, Lister, Miller, others.

2. The defendant's Affidavit claims in summary That they were responding to the cell in order to do A wellness check on Plaintiff. He became combative They claim that they used only enough force To restrain me, MY attempts to escape their grasp. They claim They sprayed chemical agent and Plaintiff face after I had made it impossible for them to subdue me without it.

3. VIDEO EVIDENCE shows officer Battles did Not make it To The scene until Plaintiff was out side the cell on The Ground still being Attack by Defendants.

4. The defendant's are not entitled to summary judgment because there are genuine issues of materials fact to be resolved. These issued are identified in the accompanying statement of Disputed factual issues filed by the plaintiff pursuant to Local Rule of this district court. The facts are set out in this declaration

5. VIDEO EVIDENCE shows Defendant's BURNHAM, lister, Miller Enter Plaintiff Dorm G1 and walks To Plaintiff Cell 115 BURNHAM Makes A statement drop the case Against Martin C.I or I'M going To Have you Killed Plaintiff ask Defendant's To leave His cell BURNHAM Respond by sprayed chemical agent and His face without any Provocation.

6. Defendant Miller PUNCH Plaintiff To The Ground Inside His cell He got up and Attempt To RUN out but was Grab and SLAMMed To The Ground with His Head bust open, Place and Handcuffs it's IMPossible for Plaintiff To be Combative.

7. Medical Records will show Plaintiff INJuries Exhibit Medical Records.

8. Defendants Physical assaulted Plaintiff with out any Provocation

9. contrary to defendant's Affidavits, during these events I did not resist or threaten

2.

the officers in any fashion or break any Prison Rules. Rather, I lay on the floor and tried To Protect MY face from the defendant's blows and Kicks.

10. Defendant's ARE Not ENTiTlED TO QUALiFEED IMMunity (officials who acts completely outside the scope of there authority as clearly limited by Statutes and Regulations is not entitled to IMMunity); Boretti V. wiscomb, 930 f.2d 1150,1156 (6th Cir.1991)

11. The foregoing factual allegations create a genuine Issue of Material Fact and will, If proved at Trial, Support a Judgment In MY favor, as explained in the brief Submitted with this declaration.

Pursuant to 28 U.S.C. 1746, I declare under Penalty of Perjury That the foregoing is True and correct
Jeffery Lorenzo Haynes J.R

## PLAINTIFF'S STATEMENT OF DISPUTED FACTUAL ISSUES

Defendants have moved for Summary Judgment on the Plaintiff's claim concerning the use of force. Pursuant to Local Rule of this court, the Plaintiff submits the following list of Genuine issues of Material fact that require the denial of defendants' Motion.

1. whether the Plaintiff Refused A ordered.

2. whether The Plaintiff offered any resistance or disobedience to defendants BURNHAM, Miller, Lister, others before they Tear-gassed HiM.

3. whether The Plaintiff offered any resistance or disobedience To those defendants before they walk Inside his cell.

4. whether the Plaintiff offered any resistance or disobedience To those defendants when they entered his cell.

5. whether The force utilized by the defendants against The Plaintiff was applied in good-faith effort to Maintain or restore discipline or Maliciously and Sadistically to cause HarM.

6. whether the Plaintiff's Injuries resulted from his own acts of resistance to the defendants or from their Purposeful use of unnecessary force.

Jeffery Lorenzo HAYNES, JR
Florida State Prison
P.O. Box 800
Raiford, FL 32083

4.

PLAINTiFF'S BRIEF IN opPosiTioN To DefendantS'
SUMMARY JUDGMENT MoTioN.

StateMent of The case.

This is a 1983 action filed by a Prisoner of F.D.o.C
Seeking damages, declaratory JuDGment and
Relief based on the use of excessive force,
denial of Medical Care. Defendants have filed a
Motion for SUMMaRY JudgMent as to the plaintiff's
Use of force claiM against defendants BuRNHAM, Miller,
Lister, and arguing that their conduct did Not
Violate The ConStitutioN.

StateMent of factS

The Plaintiff's declaration Submitted in response to
the defendants' Motion States that on the Morning of
May 16, 2019 The 3 DeFendants enter The Plaintiff
cell and Threaten To Have HiM killed If He ant
Drop The case Against MartiN Correctional Institution
Plaintiff ask Defendants To leave his cell. He offered No
resistance, but nevertheless he was sPrayed with chemical agent
by Defendant BuRNHAM with out any Provocation.
DefendantS Knocked him down He got up and AtteMPt To Run
out of the cell and was slammed Inside his cell and
blood was gushing from his Head. Defendants Handcuffed Him
while he was handcuffed, Defendants Kick, Punched, and
struck him with weaponS, and beat Him,
INFlicting Substantial INJuries Including Head
INJuries, face INJuries.

# ARGUMENT

## POINT I

## THERE ARE GENUINE ISSUE OF Material FACT THAT PRECLUDE SUMMARY JUDGMENT FOR DEFENDANTS ON THE PLAINTIFF'S USe of force CLAIM

Summary Judgment is to be granted only if the record befor the court shows "that there is no genuine Issue as to any Material fact and that the moving Party is entitled to a Judgment as a Matter of LAW." Rule 56 (c), Fed. R. Civ. P. A "Material" fact is one that "Might affect the outcome of the Suit under the governing law." Anderson V. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505 (1986).

The declarations of the Plaintiff and the defendants are Squarely contradictory as to what force was used, when it was used, and why it was used. The allegations in the Plaintiff's declaration Portray a Completely needless use of force against an Inmate who was in his cell. The defendants, by Contrast, Claim that they used only necessary force to control a Prisoner who resisted them violently. There is clearly A genuine Issue of Fact. The factual dispute is also Material. under The governing law, whether the use of force by Prison Staff Violates the Eighth Amendment depends on whether it was applied in a good-faith effort to Maintain or restore discipline or Maliciously and Sadistically to cause harm. hudSon V. McMillian, 503 u.s. 1, 5-6, 112 S. ct 995 (1992); whitley V. Albers, 475 u.s. 312,

320-21,106 s.ct. 1078 (1986). The fact
That force was used when unnecessary,
or in a manner excessive to any need,
is in itself evidence that the defendants
were acting "Maliciously and sadistically
to cause harm AS VIDEO EVIDENCE show.
Miller V. Leathers, 913 F. 2d 1085, 1088
(4th cir. 1990); Oliver V. Collins, 914 F. 2d 56,59
(5th cir. 1990); Orwat V. Maloney, 360 F. supp. 2d 146,
153-54 (D. Mass. 2005). A reasonable Jury
could find for the Plaintiff based on the
facts in the Plaintiff's declaration, and
summary Judgment must therefore
be denied. Anderson V. Lobby Inc, 477 U.S. 242,
248, 106 s. ct 2505 (1986).

## ARGUMENT
## POINT 2
VIDEO EVIDENCe clearly shows
The defendants Maliciously and Sadistically,
evil behavior Against the Plaintiff who
and fact was Inside His Dorm and His
cell Plaintiff was clean from Disciplinary Reports
for 11 Months until MAY, 16, 2019, circumstantial
evidence of clean Prison record and direct
Proof of retaliation, Together with temporal Proximity,
held to be sufficient Proof of retaliation to
withstand Summary Judgment); Crawford El V. Britton
93 F. 3d 813, 817-19 (D.C. cir. 1996).

# ARGUMENT
## POINT 3

Defendant's Did Not Submit The Inspector General
Final Report and Summary Judgment. court
in bench Trial gave weight to fact that
Prison officials mislaid all the Inmate
statements supporting Plaintiff's allegations
but not the ones that didn't support them);
U.S. V. west, 393 F.3d 1302, 1309
(D.C. cir. 2005 ("A missing-evidence
instruction is Appropriate if it is Peculiarly
within the Power of one Party to Produce
the evidence and the evidence would
elucidate a disputed Transaction.);
Niehus V. Liberio, 973 f.2d 526, 530
(7th cir. 1992)

# ARGUMENT
## POINT 4

Defendants Claim That The Handheld
Video went Dead and fact it will show
Defendants still Physicaly Attacking me.
evidence of spoliation of evidence, in the
form of missing records, barred summary Judgment
against the Plaintiff; Question of missing evidence
inference left to Trial); wackenhut corrections V.
de la Rosa, 305 S.w. 3d 594, 625-27
(Tex. App. 2009) (spoliation instruction Properly
given where videotape of Incident disappeared).
see Rule 301, Fed. R. Evid. (stating that a Presumption
Imposes on the Party against whom it is
directed the burden of going forward with
evidence to Rebut or meet the Presumption.

8.

but does not shift to such Party the burden
of Proof in the sense of the risk
of nonpersuasion ). for if it is shown
that a Person made use of a reliable means
of communication, a fact-finder can
infer that the communication was received.
Kennell v. Gates, 215 f.3d 825, 829-30
(8th cir. 2000). Smith v. Cummings, 445 f.3d
1254, 1260 (10th cir. 2006); Sullivan v. Freeman,
944 f.2d 334, 337 (7th cir. 1991).

## ARGUMENT
### POINT 5
Defendants Submitted Falsify
Disciplinary Reports ( documents was
not admissible under this section where
The author of the document did not
actually observe what He Reported).
Rules 803 (6), 803 (8), fed. R. Evid.
Bracey v. Herringa, 466 f.2d 702, 704-05
(7th cir. 1972) (citation omitted). Similarly,
in Lewis ~~xxx~~ v. Velez, 149 F.R.D. 474
(S.D.N.Y. 1993), The court held that Incident
Reports generated by Correction officers
were not admissible under Rule 803 (6)
because they lack Reliability: where Reports
of Inmate beatings show a lack of reliability and
Trustworthiness due to the self-Interest of the
correction officers responsible for The records,
Such records are inadmissible self-Interest
functions strongly in the case at hand, where
correction officers Involved could be Subject
To disciplinary action, Including dismissal.

9.

for using excessive force and could, furthermore, be brought up on criminal charges or incur civil liability. The fact that, as the defendants point out, correction officers receive strict instructions to make their reports truthfully does not diminish the motives that undermine the trustworthiness of such reports. F.R.D. at 486 (citing Bracey). Accord, Romano v. Howarth, 998 F.2d 101,108 (2d cir. 1993) (Even if the defendants could establish that the officers had a business duty to report accurately to the nurses, there is still a dark cloud hovering over this particular business record: the officer's motive to fudge the truth of what really happened in HAYNES cell".); Morales Feliciano v. Hernandez colon, 697 f. supp. 37,40 (D.P.R. 1988)(noting unreliability of Prison documentation). Harris v. Dugger, 757 f. supp. 1359,1363-64 (S.D. Fla 1989).

## ARGUMENT
## POINT 6

VIDEO EVIDENCE Clearly Contradict Defendants story it shows officers Attacking Plaintiff Inside His cell and out side His cell. without any Provocation

## ARGUMENT
### POINT 7

Plaintiff Reauest for defendants officers disciplinary and Complaint Records, court should denie summary Judgment Pending compliance with The discovery reauests).

costlow V. V.S., 552 F.2d 560,564 (3d cir. 1977); accord Ingle V. Yelton, 439 F.3d 191,196 (4th cir. 2006); Baker V. McNell Island Corrections center, 859 F.2d 124, 127 (9th cir. 1988); Jackson V. Procunier, 789 F.2d 307, 312 (5th cir. 1986); Major League Baseball Promotion corp V. Colour-Tex, Inc., 729 F. Supp. 1035, 1043 (D. N.J. 199).

## ARGUMENT
### POINT 8

CASe No. 22-14006-cv-DiMiTRouLEAS Defendants counsel Christopher Kondziela AAG, BAR No. 125255 Submitted falsifY ViDeo Document on summary JudGMENT 12/27/2022.
uNiTeD STATES DiSTRiCT CouRT SouTHERN DiSTRiCT of FLoriDA on 3/02/2023 Defendants Motion was GYANTED. on APril 5, 2023 Plaintiff Filed APPeal To The uNiTeD STATES court of APPEALS for This CiRcuiT CASE # 23-11063-B. on 5/30/2024 GranTed Plaintiff APPeal And sent The CASe back To the DiSTRiCT court and Trial was reset on 6/4/2024. EXhibiT orDER ReseTTinG TRiAI DATE.

## ARGUMENT
### POINT 9

Plaintiff deposition clearly contradict defendants story and enough to defeat summary Judgment; documentary support was unnecessary)." Bozeman V. Estate of Haggard, 302 F.supp. 2d 1310, 1311 N1 (M.D. Ala. 2004)

## ARGUMENT
### POINT 10

Plaintiff believe Defendants Counsel is attempting To Mislead This with Court with Falsify Video Evidence, and Reports. The Video documents That Defendants Counsel Submitted To Plaintiff For Review do Not Show Him being combative and fact it showes Plaintiff being Attack Inside His cell and Pull out and Throw To The ground Still being Attack.

## CONCLUSION

For the foregoing reasons, the defendants Motion For Summary Judgment Should Be denied.

Jeffery Lorenzo Haynes, JR
Florida State Prison
P.o Box 800
Raiford, FL 32083